# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-15-00359-CV


MERLIN TRANSPORT, INC.                                                 APPELLANT

V.

JOEL WESLEY MILLER                                                      APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 2014-002695-3

----------

## MEMORANDUM OPINION[1] AND JUDGMENT

----------

We have considered the parties' "Agreed Motion to Dismiss Appeal and to Set Aside Judgment," in which the parties jointly request that we vacate the trial court's August 5, 2015 judgment and dismiss the case with prejudice in accordance with the parties' settlement agreement. *See* Tex. R. App. P. 42.1(a)(2)(A). "While we cannot both vacate the trial court's judgment and

---

[1]*See* Tex. R. App. P. 47.4.

dismiss the appeal, the appellate rules allow us to render judgment vacating the trial court's judgment and dismissing the case, whether that rendition occurs after we consider the merits of the appeal or in effectuating the parties' settlement agreement." *Braums, Inc. v. Sifuentes*, No. 02-16-00001-CV, 2016 WL 742023, at *1 & nn.3–5 (Tex. App.—Fort Worth Feb. 25, 2016, no pet.) (mem. op.) (footnotes omitted) (collecting cases); *see* Tex. R. App. P. 42.1(a)(2)(A), (B), 43.2(e), (f).

Accordingly, the parties' motion is granted. Without regard to the merits and effectuating the parties' settlement agreement, we vacate the trial court's August 5, 2015 judgment and dismiss the case with prejudice. *See* Tex. R. App. P. 42.1(a)(2)(A), 43.2(e); *see Sifuentes*, 2016 WL 742023, at *1 & n.8.

Relying on the parties' settlement agreement, we order that costs of this appeal shall be paid by the party incurring same. *See* Tex. R. App. P. 42.1(a)(2)(A), (d), 43.4.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DELIVERED: June 2, 2016